————o————

## WM. W. WHEATON v. ATLANTIC GIANT POWDER COMPANY.

*Stenographer's fees.*

After a trial has begun, the defense cannot be excluded for defendant's refusal to pay his proportion of the stenographer's fees.

Error to Marquette. Submitted October 16. Decided October 21.

ASSUMPSIT. Defendant brings error.

*Dan H. Ball* for plaintiff in error. The right to defend in any court (Const., art. vi., § 24) is unconditional; the act requiring payment of a stenographer's fee, provides that it shall be paid before the trial commences, Comp. L., § 5032; Act 92 of 1873.

*Swift & Osborn* for defendant in error. Exclusion of a defense for refusal to pay legal fees is discretionary

and not reviewable, *Dibble v. Rogers,* 2 Mich., 406; *Chaffee v. Soldan,* 5 Mich., 242.

CAMPBELL, C. J. Plaintiff in error was sued in a personal action. After the trial had opened the parties were required to pay each one dollar and fifty cents as stenographer's fee. Plaintiff in error declined to pay his share. The court below refused to allow him to introduce his defense, although the plaintiff below was allowed to go on with his own case and procure a judgment.

Such an absurd result is not within the terms of the statute concerning stenographers, if it is within the power of the legislature to require it. The idea that a trial may lawfully proceed on one side without permitting the other to be heard is preposterous. Whatever power there may be to stay proceedings before a trial opens, upon which there is now no occasion to express our views, it would be contrary to all reason to allow a case once opened to be stayed by any such interference.

The judgment must be reversed with costs and a new trial granted.

The other Justices concurred.